**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. CR-10-72-D |
| ) | |
| REGINALD A. LANCASTER, a/k/a "Cane," ) | |
| a/k/a "Little Reggie Cane," ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's Motion in Limine [Doc. No. 32] in which Defendant seeks to exclude at trial evidence of his gang affiliation or involvement and evidence of his involvement in prior illegal activities. The government has responded to the motion.

The Tenth Circuit has consistently held that evidence of gang activity has been deemed admissible to prove the existence of a conspiracy. *United States v. Brown*, 200 F. 3d 700, 708 (10th Cir 1999) (evidence of gang affiliation held relevant to issues of identity, joint venture and existence of a conspiracy); *United States v. Sloan*, 65 F. 3d 149, 151 (10th Cir. 1995); *United States v . Silverstein,* 737 F.2d 864, 866 (10th Cir. 1984). Where no conspiracy is charged, such evidence has commonly been analyzed in the context of Fed. R. Evid. 404(b), which prohibits evidence of "other crimes, wrongs, or acts" to prove the character of the defendant "in order to show action in conformity therewith." Recognizing that gang affiliation may be viewed as evidence of a character trait, courts have considered whether such evidence may be admitted for one of the proper purposes recognized by Rule 404(b). *See, e.g., Sloan*, 65 F. 3d at 151.

Pursuant to Rule 404(b), even if gang affiliation is considered evidence of "other crimes, wrongs, or acts," it may be admitted if it is relevant and is offered to prove " motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). There are four requirements for determining the admissibility of 404(b) evidence:

> 1) the evidence must be introduced for a proper purpose;
> 2) the evidence must be relevant;
> 3) the court must make a Rule 403 determination whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice; and
> 4) upon request, the court must instruct the jury that the evidence is to be considered only for the limited purpose for which it was admitted.

*Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *United States v. Tan*, 254 F. 3d 1204, 1207 (10th Cir. 2001). A defendant is presumed to be protected from unfair prejudice if those requirements are met. *Huddleston*, 485 U.S. at 692.

Courts have held that evidence of gang affiliation is properly admitted for several of the proper purposes identified by Rule 404(b). Gang membership is admissible for identification purposes. *United States v. Bell*, 337 F. App'x 663 (9th Cir. 2009) (unpublished opinion); *United States v. Easter*, 66 F. 3d 1018, 1020-21 (9th Cir. 1995). It may also be admitted to show knowledge or intent. *Robinson,* 978 F.2d at 1561-62. Several courts have held gang affiliation admissible to show motive or opportunity. *United States v. Bradberry*, 466 F. 3d 1249, 1253-54 (11th Cir. 2006); *United States v. Montgomery*, 390 F. 3d 1013, 1018 (7th Cir. 2004); *United States v. Sills*, 120 F. 3d 917, 920 (8th Cir. 1997). Other permissible purposes for the use of gang affiliation evidence have also been recognized.[1]

---

[1] For example, evidence of a witness's gang membership is admissible to impeach his credibility, where there is foundational evidence that the defendant and the witness were members of the same gang or that the witness's testimony was biased due to fear of the defendant's gang. *United States v. Tsosie*, 288 F. App'x 496, 499 (10th Cir. 2008) (unpublished opinion) (citing *United States v. Elkins*, 70 F. 3d 81, 84 (10th Cir. 1995)). *See also United States v. Abel*,

In this case, the government argues that the identity of Defendant is an issue for trial and that evidence of his gang affiliation and his nicknames or monikers is admissible for that purpose. It argues that the evidence is important because some witnesses may not know Defendant's true name and may identify him only by his nickname(s) or gang affiliation. The government adds that other individuals, including some witnesses, may be referred to only by their nicknames; to understand the individual to whom they refer during their testimony, the use of such nicknames is the only means of identifying certain persons. The government states that it does not intend to emphasize the fact that Defendant was purportedly a gang member or to focus on his nicknames for any purpose other than identification.

The Court concludes that the purpose for which the evidence will be offered is permitted by Rule 404(b). Identity of the Defendant as the person who committed the crimes charged is, of course, relevant, and a witness may identify him by reference to his nickname or gang name where the witness knows Defendant by that name. His gang affiliation, if established, may also be probative of his relationships with others who may have been involved in the circumstances which gave rise to this case.

While such evidence may risk prejudice to Defendant, the Court concludes that the risk of such prejudice does not substantially outweigh the probative value of the evidence, as discussed above. Additionally, such evidence may be admitted to show intent and knowledge, and both are elements of the crimes charged. The Court concludes that the risk of prejudice can be minimized by instructing the jury, upon request, that it may consider the evidence only for limited purposes and that it may not be considered as proof of Defendant's character or his propensity to engage in

---

469 U.S. 45, 52 (1984) (the fact that a witness and the defendant were members of the same organization, "even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias").

illegal activity.

Defendant also asks the Court to rule inadmissible references to prior criminal activity purportedly contained in a statement made by Defendant to Oklahoma City police officers after his arrest. Although Defendant apparently does not contend that the statement was made prior to the receipt and acknowledgment of his *Miranda* rights, he argues that, pursuant to Fed. R. Evid. 404(b), this evidence is inadmissible. The government contends that the statement is admissible for a proper purpose under Rule 404(b), as it constitutes evidence showing opportunity, intent, preparation, plan, knowledge, and absence of mistake and accident.

As the government points out, evidence of prior drug transactions involving the defendant may be admitted to show intent. *United States v. Maden*, 114 F. 3d 155, 157 (10th Cir. 1997) (officer's testimony that the defendant told him he was a drug dealer was relevant to the issue of intent to possess and distribute cocaine); *United States v. Johnson*, 584 F. 3d 731, 736 (7th Cir. 2009); *United States v. Elkins*. 732 F.2d 1280, 1286 (6th Cir. 1984). Such evidence may also be admitted to show knowledge relevant to a charge of drug possession. *United States v. Kiister*, 2000 WL 228304, at *8 (10th Cir. Feb. 29, 2000) (unpublished opinion) (evidence of prior drug transactions properly admitted where the defendant claimed he was not aware a package he possessed contained drugs). As the Tenth Circuit has held, "[t]his Court allows the introduction of prior drug transactions to prove intent, knowledge, motive, and absence of mistake in drug prosecutions." *United States v. Russell*, 109 F. 3d 1503, 1507 (10th Cir. 1997)(citations omitted). However, the contents of the statement have not been fully disclosed to the Court, nor is the Court aware of the circumstances leading to the statement or the context of the specific statements sought to be admitted. Thus, the Court is unable to rule on this aspect of Defendant's Motion at this time.

4

The government is cautioned that, prior to eliciting such information during trial, counsel must seek a ruling from the Court outside of the hearing of the jury.

For the foregoing reasons, Defendant's Motion [Doc. No. 32] is DENIED in part. The Motion is denied as to evidence of Defendant's purported gang affiliation and nicknames or monikers, subject to the limitations in this Order. With respect to Defendant's statement allegedly mentioning prior crimes or unlawful conduct, the Motion is DENIED at this time, subject to Defendant's right to renew his objection at the appropriate time during trial and, further, subject to the requirement that, prior to any reference to the challenged statement, the matter will be considered by the Court outside of the hearing of the jury.

IT IS SO ORDERED this 14th day of April, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE