# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
 )
        Plaintiff, )
 )
v. ) Case No. CR-10-72-D
 ) CIV-13-974-D
REGINALD A. LANCASTER, )
 )
        Defendant. )

## ORDER

Before the Court is Defendant Reginald Lancaster's pro se Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 112]. The United States has responded to the motion [Doc. No. 119]. The matter is fully briefed and at issue.

## BACKGROUND

On March 2, 2010, a grand jury returned an eleven-count Indictment against Defendant [Doc. No. 14]. Counts 1, 2, 5, 7, and 9 charged Defendant with possession with intent to distribute crack cocaine; Counts 3 and 11 charged him with possession with intent to distribute marijuana; Counts 4, 6, and 8 charged him with use of a telephone to facilitate the acquisition of crack cocaine; and Count 10 charged Defendant with use of a telephone to facilitate the acquisition of marijuana. A jury trial was conducted before this Court, and Defendant was found guilty of Counts 1, 3, 10, and 11 [Doc. No. 52]. Under the advisory sentencing guidelines, Defendant was

determined to have a total offense level of 30 and a criminal history category of III, resulting in a guideline incarceration range of 121 to 151 months. On April 5, 2011, the Court entered its Judgment and sentenced Defendant to a term of 151 months of incarceration.

On April 11, 2011, Defendant appealed his sentence. On appeal, Defendant cited four propositions of error: (1) there was insufficient evidence to establish Defendant's guilt on Count 1 in that Defendant did not possess 5 grams or more of crack cocaine, which Defendant contended was a requisite element of the offense; (2) the Court erred in allowing the government to reference Defendant's alleged gang membership; (3) the Court committed error at sentencing by attributing nine ounces of crack cocaine to Defendant when such amount was not supported by the record; and (4) search of Defendant on July 17, 2009 (which produced Count 11) was non-consensual and violated the Fourth Amendment.

The Tenth Circuit affirmed. *See United States v. Lancaster*, 496 F. App'x 877 (10th Cir. 2012). As to Defendant's first contention, the court held that "the amount of drugs charged in the indictment was *not* an essential element of the offense charged in Count 1." *Id*. at 879 (emphasis in original). The court noted that " '[d]rug quantity is an essential element [of a § 841(a) offense] *only* if the quantity triggers a sentence beyond the maximum allowed for the violation of the base § 841(a)(1)

offense' involving only an indeterminate drug quantity under § 841(b)(1)(C)." *Id*. at 880 (quoting *United States v. Caldwell*, 589 F.3d 1323, 1333 (10th Cir. 2009) (emphasis in original)). Since Defendant's sentence fell within the twenty-year statutory maximum sentence available for a base § 841(a) offense involving an indeterminate amount of crack, the court concluded drug quantity was not an essential element of Defendant's offense. *Id*.

Regarding Defendant's second contention of error concerning gang affiliation, the court found there was no error in the treatment of such evidence. It found the Court's limiting instruction to the jury regarding such evidence was appropriate, and assuming there was error, such was harmless. *Id*. at 882-83. As to Defendant's sentence, the court found the evidence of Defendant distributing a drug quantity of at least nine ounces of crack was supported by the record and the Court properly erred on the side of caution in determining said amount. *Id*. at 884. Lastly, the court found since Defendant did not move to suppress the fruits of the alleged illegal search, he waived any challenges. *Id*. at 881. The Supreme Court denied certiorari on December 3, 2012, and on September 10, 2013, Defendant timely filed the present § 2255 motion.[1]

---

[1] A motion to vacate, set aside, or correct a conviction under 28 U.S.C. § 2255 must be filed one year after the defendant's conviction becomes final. *Id*. § 2255(f). For purposes of the statute, a conviction becomes "final" when, *inter alia*, the

3

**DISCUSSION**

This Court is required to construe Defendant's filings liberally. *See Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). However, the Court must not assume the role of Defendant's advocate, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and is under no obligation to construct legal arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Applying that standard here, the Court interprets Defendant's motion as raising five grounds for relief: (1) insufficient evidence supporting his convictions; (2) ineffective assistance of counsel; (3) lack of subject matter jurisdiction; (4) this Court erred in allowing a "constructive amendment" and "material variance" in the Indictment; and (5) ineffective assistance of appellate counsel.[2]

**I.  SUFFICIENCY OF THE EVIDENCE**

Defendant's first and fourth arguments are easily disposed of. First, Defendant is procedurally barred from pursuing these arguments, as he failed to raise them on

---

Supreme Court denies certiorari. *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).

[2]Defendant also alleges the Court committed other various errors, but fails to sufficiently develop these arguments. Therefore, the Court will neither recite nor review these claims. *See Conrad v. Colorado*, 28 F. App'x 789, 791 (10th Cir. 2001) (court has no obligation to construct claims out of whole cloth where a party has utterly failed to articulate a cognizable request for relief) (citing *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991)).

direct appeal. "Although § 2255 is considered a comprehensive remedy, 'it does not encompass all claimed errors in conviction and sentencing.' " *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Davis v. United States*, 417 U.S. 333, 346 (1974)). "Furthermore, once a defendant has been convicted, his final judgment 'commands respect' and a § 2255 action cannot supplant an appeal." *Id*. (citing *United States v. Frady*, 456 U.S. 152, 164-65 (1982)). Therefore, "§ 2255 is not available to test the legality of matters which should have been raised on appeal. . . . The failure of a defendant to present an issue on direct appeal bars the defendant from raising such an issue in a § 2255 motion to vacate a sentence unless good cause is shown." *Id*. (citations omitted); *see also United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). Defendant has failed to establish good cause for his failure to advance the arguments he now cites in support of his § 2255 motion. Accordingly, he waived his right to raise this matter for the first time.

Second, inasmuch Defendant challenges the sufficiency of evidence for his conviction under Count 1, the Tenth Circuit has rejected his claim. *United States v. Lancaster*, 496 F. App'x 877, 883 (10th Cir. 2012). Moreover, the court of appeals found the evidence supporting Defendant's conviction on all four counts was "overwhelming." *Id*. There has been no change in the relevant circuit law since that

5

decision; thus, Defendant may not reargue the issue in this § 2255 proceeding. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to §2255.") (citing *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978)).

## II. SUBJECT MATTER JURISDICTION

Defendant's third proposition of error contends the Court lacked subject matter jurisdiction to prosecute the offenses for which Defendant was charged and convicted. In every federal criminal prosecution, subject-matter jurisdiction is conferred by 18 U.S.C. § 3231, which provides "[t]he district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States." *Id*. The drug crimes of which Defendant stands convicted are unquestionably such offenses. *See* 21 U.S.C. §§ 841, 843. In *United States v. Cotton*, 535 U.S. 625 (2002), the Supreme Court reiterated that "a district court 'has jurisdiction of all crimes cognizable under the authority of the United States . . . [and][t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case.'" *Id*. at 630-31 (citation omitted).[3]

---

[3]Courts have consistently determined that the jurisdictional element of federal crimes does not present a pure question of the court's subject-matter jurisdiction. *See, e.g., Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999) (concluding that defects

6

And, as the Ninth Circuit explained in *De La Maza v. United States*, "after an offense of the laws of the United States was set forth and returned in the indictment, the district court had jurisdiction of . . . the subject matter. . . ." 215 F.2d 138, 140 (9th Cir. 1954).

Similarly, Defendant's arguments as to the alleged defects in the government's evidence go to the merits of the case. To this end, the Tenth Circuit found the evidence of Defendant's guilt "overwhelming." *Lancaster*, 496 F. App'x at 883. Defendant's third proposition is without merit.

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, Defendant claims ineffective assistance of counsel at both the trial and appellate levels. A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show his counsel's performance was deficient in that it "fell below an objective standard of reasonableness." *Id*. at 688. Second, the defendant must show that his counsel's deficient performance actually prejudiced his defense. *Id*. at 687.

---

in government's proof of a jurisdictional element do not deprive court of jurisdiction); *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1047-48 (11th Cir.1987) (concluding that jurisdictional challenge involving question of the sufficiency of the government's evidence in a federal drug possession case involves determination of issues of fact going to merits), *superseded by statute*, as explained in *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002).

This means, "there is a reasonable possibility that, but for counsel's professional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The showing required to prove ineffective assistance of appellate counsel is, if anything, more strict than for trial counsel:

> Claims of appellate-counsel ineffectiveness are often based on counsel's failure to raise a particular issue on appeal. Appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. Although it is possible to bring a *Strickland* claim based on counsel's failure to raise a particular issue, it is difficult to demonstrate that counsel was incompetent.

*Upchurch v. Bruce*, 333 F.3d 1158, 1163 (10th Cir.), *cert. denied*, 540 U.S. 1050 (2003) (internal citations and quotations omitted). In fact, the process of winnowing out weaker arguments and focusing on those more likely to prevail on appeal is far from being evidence of incompetence, but is rather the hallmark of effective appellate advocacy. *See United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (internal citations and quotations omitted). The Sixth Amendment does not "require counsel to raise, or even be cognizant of, all potential defenses." *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004). "Precedent from both the Supreme Court and our sister circuits clearly holds that counsel's failure to raise or recognize a potential legal argument does not automatically render counsel's performance

constitutionally deficient." *Id*.

Every effort must be made "'to evaluate the conduct from counsel's perspective at the time,'" and "'[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Challoner*, 583 F.3d at 749 (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir.1994)). "To overcome this strong presumption, a defendant 'bears a heavy burden.'" *Id*. (quoting *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000)).

### A. Trial Counsel

Defendant contends his trial counsel was ineffective in several ways. Defendant states counsel failed to exercise reasonable professional judgment by (1) failing to challenge the Court's subject matter jurisdiction; (2) failing to move to suppress the evidence seized from the contested search; (3) failing to file certain pretrial motions; (4) failing to effectively cross-examine certain witnesses; (5) failing to move for a directed verdict; (6) failing to demand certain jury instructions; (7) failing to provide Defendant with all discovery; (8) failing to object to the Court's "violation of [Fed. R. Crim. P. 32(h)]"; and (9) failing to adequately prepare for sentencing.

The Court finds Defendant's grievances here wholly conclusory and without

merit. As noted above, any contest to this Court's subject matter jurisdiction would be frivolous. Defendant's trial counsel did challenge Defendant's search on July 17, 2009, which was overruled by this Court, as the search was a proper investigatory detention (stop and frisk). Trial counsel also pursued a motion for judgment of acquittal as to Count 11, which was also overruled. The Court also notes trial counsel effectively attacked the credibility of the government's key witness and vigorously advocated for Defendant at sentencing. Defendant's remaining challenges likewise fail to persuade this Court that he was prejudiced by such omissions or the outcome would have otherwise been different.

B. **Appellate Counsel**

Defendant asserts he had been denied effective assistance of appellate counsel because:

> Appellate counsel <u>failed</u> to properly argue illegal search (Count 11) and actually misquoted Trial Record. Appellate counsel failed to properly argue sentencing scheme and District Courts failure to properly notice under [Fed. R. Crim. P. 32(h)] Movant (defendant) of consideration in exceeding guidelines by nearly 500-7!

> Counsel <u>failed</u> to raise Ineffective Assistance of Counsel (IAC) Constitutional violation where record already contained adequate facts to gain relief on issue. Counsel failed to raise Plain Error (Rule 52) and appearance of constructive amendment of the indictment by the court.

> If not for unprofessional error(s) by appeal counsel in completing appeal Movant would not remain in prison.

Motion to Vacate, p. 6 (emphasis in original). Defendant's allegations against his appellate counsel are equally unavailing. Counsel raised multiple grounds of alleged errors in a 44–page appellate brief. Defendant's objections as to counsel's failure to "properly" argue certain issues are entirely subjective and fail to satisfy the heavy burden of proving ineffectiveness. Defendant's contentions are conclusory and fail to specify how Defendant was prejudiced by any such alleged omissions. Defendant cannot show ineffective assistance of appellate counsel with respect to these claims.

## CONCLUSION

The Court has fully considered Defendant's motion. To the extent an argument was not addressed in this Order, it is without merit or moot. Defendant's Motion to Vacate Unlawful Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 112] is **DENIED**. Defendant's Motion to Unseal Grand Jury Transcript [Doc. No. 123] is also **DENIED**. A judgment shall be entered accordingly.

IT IS SO ORDERED this 4th day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE